Elmer Forrest Herdien and Jennie M. Bodinson, Appellees, v. Walter L. Herdien, Sr. and Mabel Sharp Herdien, Appellants.

## Gen. No. 41,908.

Heard in the first division of this court for the first district at the October term, 1941. Opinion filed April 20, 1942.

MAURICE ALSCHULER, of Chicago, for appellants.

SAMUEL A. RINELLA, of Chicago, for appellees; MYER
N. ROSENGARD, of Chicago, of counsel.

MR. JUSTICE O'CONNOR delivered the opinion of the
court.

May 19, 1941, plaintiffs filed their amended complaint
against Walter Herdien, Sr. and Mabel Sharp Herdien,
his wife, to foreclose a lien evidenced by a decree en-
tered June 29, 1939, in the Circuit court of Cook county,
by which it was decreed· that defendant Walter
Herdien, Sr., pay each plaintiff $2,459 which was de-
creed to be a lien on the undivided one-half interest of
Walter L. Herdien in what is designated as the
Sheffield avenue property. Defendants filed their ans-
wer to which plaintiffs' motion to strike was sustained
and defendants electing to stand by their answer, a
decree was entered as prayed for in the complaint and
defendants appeal.

The record discloses that Peter Herdien, the father
of plaintiffs, and Walter L. Herdien, Sr., who are
brothers and sister, owned an apartment building in
Chicago, referred to as the Sheffield avenue property.
He died testate September 5, 1929. Afterward his
widow, Martha, died September 23, 1931.

March 9, 1936, a decree was entered in the Circuit
court of Cook county, wherein Walter L. Herdien, Sr.,
and others were plaintiffs, and Elmer Forrest Herdien
and others defendants. It was decreed that the Shef-
field avenue property passed by deed from Peter
Herdien, and wife, and that it did not pass under the
provisions of his will. In that decree the court found
the Sheffield avenue apartment building had been ap-
praised at $70,000 for the purpose of distributing the
trust estate among the beneficiaries, and at $62,500 by
appraisers appointed by the County court of Cook
county in fixing the inheritance taxes. It was further
found "that the said property is free and clear of en-
cumbrances" and it was decreed among other things,

that the title to the property vested in Elmer F. Herdien by virtue of a warranty deed from his father and mother to him but that Elmer held the title in trust subject to the life estate of his father and to the life estate of his mother, Martha Herdien. That upon the death of the parents an undivided one-half interest in the property vested in Walter and the other half in Elmer. Elmer was ordered and directed to execute a deed conveying an undivided one-half to Walter in fee simple. It was also decreed that: "As to any other property, real or personal or mixed, held by the said ELMER FORREST HERDIEN and JENNIE M. BODINSON, as Trustees, pursuant to ' the testamentary trust designated under the Last Will and Codicils of the said PETER HERDIEN, it is hereby ORDERED that they proceed to account therefor and make distribution and division, pursuant to the terms and provisions of said testamentary trust, and that for the purposes of said accounting and division, the matter be and it is hereby referred to ISIDORE BROWN for the purpose of taking a full and true account in accordance with the testamentary provisions of the said Last Will and Codicils of the said PETER HERDIEN, and pursuant to the findings of Court expressed herein."

Elmer and the other defendants appealed from that decree to this court where the decree was affirmed, *Herdien v. Herdien,* 290 Ill. App. 606 (Abst.), opinion filed May 19, 1937, and leave to appeal denied by the Supreme Court October 23, 1937.

Afterward, in 1937, Elmer in compliance with the decree, conveyed an undivided one-half interest in the property to Walter, Sr.; July 11, 1938, Walter conveyed his interest in the property to his wife, defendant Mabel Sharp Herdien, in consideration of $10,202.85, which sum he was indebted to her.

On the rereference to the master for the accounting by the trustees of the testamentary trust, as designated in the last will and codicils of Peter Herdien, the

master reported, and June 29, 1939, another decree was entered in the Circuit court of Cook county, in which it was found that Walter L. Herdien, Sr., plaintiff in that case and defendant in the instant case, was indebted to his father, Peter, for $6,506.13, with interest at 5 per cent per annum from January 1, 1932. A credit of $1,400.13 was allowed and it was decreed there was due from Walter to the trustees under the will, $5,106 with interest at 5 per cent from January 1, 1932; that that amount "is a lien from and after January 1, 1932 upon the undivided one-half interest of said WALTER L. HERDIEN, SR. in the property known and referred to as the Sheffield property," and that of this last sum, $1,702 was to be distributed to Elmer and a like amount to his sister, Jennie, with interest from January 1, 1932.

No appeal was taken from that decree and in the instant case plaintiffs' position is that they filed their complaint to foreclose the lien of the amount found due to each of them and that in default of payment the property be sold. It is from this decree that defendants appeal. Their contention is that since by the terms of the decree of 1936 it was found that Walter, Sr., was entitled to a conveyance of an undivided one-half interest of the Sheffield avenue property free and clear of all liens, and since that decree was affirmed by this court and leave to appeal was refused by the Supreme Court, and since Elmer, as trustee (after the refusal of the Supreme Court to review the case) executed a deed in accordance with the provisions of the decree of 1936, Walter's undivided one-half interest could not be subjected to the lien in question.

On the other side, plaintiffs' position is that the decree of 1936 was interlocutory; that the case was still pending in the trial court on a rereference to the master for an accounting and that any grantee of Walter took the title subject to the pendency of the suit. There would be some force in this latter contention although

if sustained, it would in effect be permitting Elmer to stultify himself. He executed a deed in accordance with the provisions of the decree of 1936, conveying an undivided one-half interest to Walter, which clearly shows that he treated the decree as final and not interlocutory. But in any event, we are of opinion that the accounting on the rereference to the master did not involve the Sheffield avenue property for the reason that the decree of 1936, after decreeing that an undivided one-half interest belonged to Walter and that it should be conveyed to him by Elmer, rereferred the matter of accounting "As to any other property, real or personal or mixed" belonging to the trust estate. By this, the Sheffield avenue property was expressly excluded from the accounting. It follows that the provisions of the decree of 1939, which purported to fasten a lien on Walter's undivided one-half interest in the property was wholly unwarranted and void.

By way of suggestion we think we ought to say that it would have been much less expensive and more expeditious if an accounting had been had on the first reference to the master. The accounting apparently would not have been complicated or extensive and the matters could have been disposed of on the first appeal to this court. As a general proposition, it is only where the accounting would require a great deal of time and expense that an appeal should be taken before the accounting is had.

The decree of the Circuit court of Cook county is reversed.

*Decree reversed.*

McSurely, P. J., and Matchett, J., concur.